UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA FAYE JOHNSON,

    Plaintiff,                                                   Civil Action No. 14-CV-13236

vs.                                                               HON. BERNARD A. FRIEDMAN

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**<u>ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

        This matter is presently before the Court on cross motions for summary judgment [docket entries 12 and 14]. Magistrate Judge Elizabeth A. Stafford has submitted a Report and Recommendation ("R&R") in which she recommends that plaintiff's motion be denied and that defendant's motion be granted. Plaintiff has filed timely objections to the R&R, and defendant has responded to plaintiff's objections. Under Fed. R. Civ. P. 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."

        This is a social security disability matter. Plaintiff was 39 years old on her alleged disability onset date. She has a tenth grade education and work experience as a breakfast hostess, as a janitor, and as a nurse assistant. Plaintiff claims to be disabled due to various physical and mental impairments. The Administrative Law Judge ("ALJ") found that plaintiff has severe impairments ("leg pain, chronic back pain, chronic gastritis, gout in feet, migraine headaches, right hand disorder, adjustment disorder, cognitive disorder and major depressive disorder" (Tr. 18)) and that she cannot perform any of her past work, but that she is not disabled because she has the residual functional capacity ("RFC") to perform a limited range of light, unskilled work in areas

such as assembly, packaging, inspecting, and sorting. The ALJ's decision became defendant's final decision when the Appeals Council denied plaintiff's request for review.

Under 42 U.S.C. § 405(g) the issue in a case such as this is whether the ALJ's decision is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). In making this determination the Court does not review the matter *de novo*, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence also would have supported a contrary decision and even if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014).

Plaintiff has raised two objections to the R&R. First, she argues "[t]he Magistrate Judge erroneously found that the ALJ's RFC assessment was supported by the evidence he cited in support of plaintiff's right upper extremity limitations." Pl.'s Obj. at 2. Specifically, plaintiff argues that the magistrate judge should have faulted the ALJ for misconstruing Dr. Thomas' findings regarding her right wrist limitations. Dr. Thomas, who examined plaintiff in January 2012, found that "[s]he has decreased range of motion in the right wrist with dorsiflexion and palmar flexion secondary to wrist pain" and that "she may have difficulty with . . . repetitive right wrist movement" (Tr. 401). Dr. Thomas found plaintiff's right-wrist dorsiflexion and palmarflexion to be 0-50° and 0-30°, respectively, with 60° being normal. The ALJ noted Dr. Thomas' statement and gave his report "some weight," but he also found the report to be "vague and inconclusive, especially with the terms 'may' and 'prolonged'" and not preclusive of "frequent fine manipulation" (Tr. 24). The

magistrate judge rejected plaintiff's argument that the ALJ inclusion of "frequent fine manipulation" in his RFC assessment is inconsistent with Dr. Thomas' report.

The Court agrees with the magistrate judge's analysis. As noted, Dr. Thomas did not rule out fine manipulation, but indicated only that plaintiff "may have difficulty with . . . repetitive right wrist movement." Fine manipulation requires finger movement, not necessarily wrist movement, and Dr. Thomas found plaintiff's hands and fingers to be normal (Tr. 404). Plaintiff points to no evidence in the record suggesting her fingers or hands are impaired and, indeed, as the magistrate judge noted, the record contains no such evidence. Nor did the ALJ err in declining to seek clarification from Dr. Thomas, as no clarification was needed. The Court therefore rejects this objection.

Plaintiff's second objection is that "[t]he Magistrate Judge inappropriately excused the ALJ's erroneous credibility assessment." Pl.'s Obj. at 4. The Court disagrees. As the magistrate judge correctly noted, credibility determinations are for the ALJ to make, and a reviewing court "may not disturb [them] absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Plaintiff has shown no "compelling reason" to overturn the ALJ's finding that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible" (Tr. 22). At most, plaintiff has shown that the ALJ erred, at Tr. 25, in perceiving an inconsistency between plaintiff's hearing testimony and her written statement concerning certain of her daily activities and, in the same paragraph, in incorrectly identifying the index number of the medical records which show "a long history of good range of motion in all extremities." As noted by the magistrate judge, the ALJ acknowledged plaintiff's limited daily activities, and the medical records

in fact do contain several references to generally normal range of motion testing. Moreover, the main reasons for the ALJ's adverse credibility determination, which he explained at length at Tr. 22-25, and which plaintiff does not challenge, concern the fact that despite plaintiff's complaints of various disabling conditions, she has sought only sporadic and inconsistent treatment, and her complaints of disabling back and leg pain are not borne out by the CT and MRI images. The magistrate judge did not err in concluding that the ALJ's credibility assessment is supported by substantial evidence. The Court therefore rejects this objection. Accordingly,

IT IS ORDERED that Magistrate Judge Stafford's R&R is hereby accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

_s/ Bernard A. Friedman___
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: August 21, 2015
        Detroit, Michigan